# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA DUDLEY, *et al.*, | : | |
|     Plaintiffs | : | |
| | : | No. 1:19-cv-1546 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN BRIAN S. | : | |
| CLARK, *et al.*, | : | |
|     Defendants | : | |

## **MEMORANDUM**

On September 9, 2019, *pro se* Plaintiff Joshua Dudley ("Plaintiff"), who is currently incarcerated at the Dauphin County Prison in Harrisburg, Pennsylvania ("DCP"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Warden Brian S. Clark ("Clark"), CO Roger Lucas ("Lucas"), John Addison ("Addison"), Chad Saylor ("Saylor"), and Deputy Warden Briggs ("Briggs"). (Doc. No. 1.) Plaintiff named John Williams and Freddie Sinkler as co-Plaintiffs, but they have not signed the complaint. (*Id.* at 1.) Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.)

In an administrative Order dated September 9, 2019, the Court directed each intended Plaintiff either to pay the requisite filing fee or complete and submit a motion for leave to proceed *in forma pauperis*. (Doc. No. 5.) On September 23, 2019, Plaintiff filed a new motion for leave to proceed *in forma pauperis*. (Doc. No. 6.) In an administrative Order dated that same day, the Court directed the Warden

of the DCP to provide a certified copy of Plaintiff's inmate trust fund account to the Court and to Plaintiff within fifteen (15) days. (Doc. No. 8.) The Court received Plaintiff's certified statement on October 3, 2019. (Doc. No. 9.)

Williams and Sinkler have neither paid the filing fee nor submitted motions for leave to proceed *in forma pauperis*, and they have not signed the complaint. Accordingly, the Court will dismiss them as Plaintiffs at this time. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint with leave to amend.

## I. BACKGROUND

Plaintiff alleges that since arriving at DCP on February 25, 2019, he has "continuously live[d] in a[n] unhealthy and inhumane enviro[n]ment." (Doc. No. 1 at 2.) He maintains that "[t]here should be guard rails and ladders attached to the top bunk to prevent inmates from falling while sleep[ing]." (*Id.* at 3.) As relief, he seeks financial compensation and an investigation of DCP by the Department of Health. (*Id.*)

## II. LEGAL STANDARD

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

## A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a

cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Claims Filed Pursuant to 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

> Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Solan v. Ranck*, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of *respondeat superior*. *See Santiago*, 629 F.3d at 128. Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating

the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

## III. DISCUSSION

### A. Plaintiff's Complaint

As noted above, Plaintiff alleges that he has been subjected to an "unhealthy and inhumane" environment at DCP and that the top bunks at DCP should have ladders. (Doc. No. 1 at 2-3.) Liberally interpreting his *pro se* pleading, the Court construes the complaint as raising claims under the Eighth and Fourteenth Amendments for unconstitutional conditions of confinement.[2]

As an initial matter, Plaintiff has failed to state a claim for relief against Defendants. Plaintiff named Defendants Clark, Lucas, Addison, Saylor, and Briggs in the caption, but there no averments related to them in the body of the complaint. Thus, Plaintiff's complaint is subject to dismissal without prejudice for that reason

---

[2] The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs such claims brought by pretrial detainees. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Plaintiff's status is not clear from his complaint.

alone. *See Robinson v. Wheary*, No. 1:16-cv-2222, 2017 WL 2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing complaint pursuant to screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint names numerous individual defendants, [but] contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint").

Plaintiff also fails to state a claim for relief regarding the conditions of confinement under the Eighth and Fourteenth Amendments. To allege an Eighth Amendment violation based on the conditions of confinement, a prisoner must allege that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also allege that the defendants acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To set forth a basis for a Fourteenth Amendment violation, a prisoner must allege that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *see also Hubbard*, 399 F.3d at 158.

Plaintiff's reference to an "unhealthy and inhumane" environment is simply insufficient to maintain a claim under the Eighth and Fourteenth Amendments. Moreover, Plaintiff's claim regarding the lack of ladders fails to state a claim,

because such a claim sounds in negligence and not deliberate indifference or punishment. *See, e.g.*, *Jones v. Cty. Jail C.F.C.F.*, 610 F. App'x 167, 168-69 (3d Cir. 2015) (concluding that the district court properly dismissed inmate's complaint for failure to state an Eighth claim when the inmate fell while trying to climb down from the top bunk and he alleged that there should have been a ladder because, "[a]t its most generous reading, [the] complaint alleged mere negligence, and not deliberate indifference"); *see also Agostini v. Lowe*, No. 1:14-cv-2234, 2015 WL 4639556, at *7 (M.D. Pa. July 30, 2015) (noting that "a failure to provide a ladder in a prison cell does not amount to a constitutional violation that would establish a cause of action" under the Fourteenth Amendment); *Tutora v. Sweeney*, No. CIV. A. 14-4458, 2014 WL 7059086, at *2 (E.D. Pa. Dec. 15, 2014) (noting that "[c]ourts faced with similar allegations have held that the absence of a ladder or railing from the top bunk does not create an objectively serious condition threatening inmate safety or reflect deliberate indifference on behalf of prison officials"). Accordingly, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

    **B.**    **Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). Here, it would be futile to permit Plaintiff to amend his claim regarding the absence of ladders at DCP. However, with respect to Plaintiff's claim regarding an "unhealthy and inhumane" environment, it is neither clear that amendment would be futile, nor is there any basis to believe that amendment would be inequitable. Accordingly, Plaintiff will be granted leave to file an amended complaint as to that claim.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will dismiss John Williams and Freddie Sinkler as co-Plaintiffs. Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. Nos. 2, 6) will be granted and the complaint (Doc. No. 1) will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). Plaintiff will be give leave to file an amended complaint regarding his claim concerning an "unhealthy and inhumane" environment within thirty (30) days of the date of the Order filed concurrently with this Memorandum. Plaintiff will not be permitted leave to amend with respect to his claim concerning the absence of ladders at DCP. An appropriate Order follows.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: October 15, 2019